UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV-03 6361

---

OREN COHEN

        Plaintiff,

-against-

GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.

        Defendant.

---

**CLASS ACTION COMPLAINT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
DEC 19 2003
LONG ISLAND OFFICE

WEXLER, J.

LINDSAY, M.

Plaintiff, by and through his attorney, Adam J. Fishbein, as and for his complaint alleges as follows:

## INTRODUCTION

0.1  This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

0.2  Plaintiff is a natural person residing in Nassau County, New York.

0.3  Upon information and belief, defendant is a law firm and debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in New Hyde Park, Nassau County, New York.

## JURISDICTION

0.4  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.

### AS AND FOR A FIRST CAUSE OF ACTION

1.1  Plaintiff realleges paragraphs 0.1 through 0.4 as if fully restated herein.

1.2  That a personal debt was allegedly incurred by the plaintiff to Briarwood

1

Associates.

1.3     That at a time unknown to the plaintiff herein, the aforementioned debt was referred to the defendant for collection.

1.4     The defendant sent a letter to the plaintiff dated November 3, 2003 (copy attached hereto).

1.5     Plaintiff received said letter.

1.6     Said letter states in pertinent part as follows: "We are the attorneys for the above –named creditor.  Our client has consulted us with reference to your indebtedness in the amount of $1,334.96.  However, we are writing to allow you a final opportunity to arrange to pay without the necessity of costly legal action."

1.7     Said threat is false because the plaintiff has already been sued by a prior firm.

1.8     Plaintiff was contacted directly when defendant knew or should have known that plaintiff was represented by counsel.

1.9     Said letter states in pertinent part as follows: "If you do notify us of a dispute we will obtain verification of the debt and mail it to you."

 1.10    Said letter fails to set forth that requests for verification of the debt are to be in writing.

1.11    This cause of action is brought on behalf of plaintiff and the members of a class or classes.

1.12    The Class consists of consumers who received the same form letter, as did the plaintiff.

1.13    The Class consists of all persons whom Defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about November 3, 2003 (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered,

(d) and that the letter contained violations of 15 U.S.C. § 1692e(10) and 1692g by failing to set forth the verification language properly.

1.14 The first sub-class consists of those class members who in addition were contacted when the defendant knew or should have known that the consumer was represented by counsel.

1.15 The second sub-class consists of those consumers who were threatened with commencement of a lawsuit when one had previously been commenced for the same debt.

1.16 Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-

3

abuse claims. The plaintiff's interests are consistent with those of the members of the class.

1.17 A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

1.18 If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

1.19 Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

1.20 Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a)    Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in an attempt to collect a debt.

    (b)    Defendant violated 15 U.S.C. § 1692g by failing to set forth the dispute language accurately.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

    (a)    Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c)     For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
December 16, 2003

_____
Adam J. Fishbein  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
366 Pearsall Avenue, Suite 5
Cedarhurst, New York 11516
Telephone (516) 239-9393
Facsimile  (516) 371-5175

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.
813 JERICHO TURNPIKE
NEW HYDE PARK, NEW YORK 11040
(516) 616-0734

NOVEMBER 03, 2003

OREN COHEN
920 LONGACRE AVENUE
PRIVATE HOUSE
VALLEY STREAM, NY     11581

RE  BRIARWOOD ASSOCIATES
VS. OREN COHEN
141-65 85TH ROAD
APT 1B

DEAR  OREN COHEN

WE ARE THE ATTORNEYS FOR THE ABOVE-NAMED CREDITOR. OUR CLIENT HAS CONSULTED US WITH REFERENCE TO YOUR INDEBTEDNESS IN THE AMOUNT OF $1,334.96    AND HAS REQUESTED THAT WE PROCEED WITH LEGAL ACTION AGAINST YOU. HOWEVER, WE ARE WRITING TO ALLOW YOU A FINAL OPPORTUNITY TO ARRANGE TO PAY WITHOUT THE NECESSITY OF COSTLY LEGAL ACTION.

UNLESS YOU NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THE VALIDITY OF THE DEBT, OR ANY PORTION OF IT, IS DISPUTED, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US OF A DISPUTE WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL IT TO YOU. ALSO, UPON YOUR WRITTEN REQUEST, WITHIN THIRTY (30) DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM CURRENT CREDITOR.

KINDLY FORWARD ALL REMITTANCE TO US, PAYABLE TO GUTMAN, MINTZ, BAKER & SONNENFELDT, P.C.

WE TRUST YOU WILL TAKE THIS OPPORTUNITY TO DISPOSE OF THE CLAIM AMICABLY. NO FURTHER NOTICES WILL BE SENT.

VERY TRULY YOURS,

RECOVERY DEPARTMENT

CLAIM# 232283

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.